# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

IN RE: STEVEN HENSON; KAREN U.
SMITH, a/k/a Karen Smith, a/k/a
Karen U. Ghee,

*Debtors.*

TIDEWATER FINANCE COMPANY,

*Plaintiff-Appellant,*

v.

STEVEN HENSON; KAREN U. SMITH,

*Defendants-Appellees,*

ELLEN W. COSBY, Chapter 13
Trustee,

*Trustee-Appellee.*

No. 02-1126

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-01-1056-CCB, BK-00-50470, BK-99-64218,
CA-01-1057-CCB)

Argued: October 29, 2002

Decided: January 15, 2003

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** James Robert Sheeran, TIDEWATER FINANCE COMPANY, Chesapeake, Virginia, for Appellant. Zvi Guttman, LAW OFFICES OF ZVI GUTTMAN, P.A., Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Tidewater Finance Company, a pre-petition creditor of both Steven Henson and Karen Smith who filed bankruptcy petitions under Chapter 13 of the Bankruptcy Code, seeks to recover continuing installment payments from Henson's and Smith's estates as administrative expenses under 11 U.S.C. § 503(b). It argues that its agreement to a post-petition arrangement qualifies the post-petition payments as administrative expenses. It never sought, however, relief from the automatic stay of 11 U.S.C. § 362 nor adequate protection under 11 U.S.C. § 363. The bankruptcy court denied Tidewater's claim, and on appeal, the district court affirmed. We now affirm the district court.

Henson purchased computer goods from Access 1 under a "Consumer Credit Retail Installment Contract and Security Agreement," which Access 1 assigned to Tidewater. Smith entered into a similar arrangement with RoomStore Furniture in connection with her purchase of furniture. After Henson and Smith filed separate petitions under Chapter 13 of the Bankruptcy Code, they reached agreements, as part of their plans, with Tidewater to make payments directly to Tidewater for the balance owed on the goods purchased. When Henson and Smith defaulted in making the payments, Tidewater filed claims with the bankruptcy court for administrative expenses for the missed payments.

The bankruptcy court denied Tidewater's request because Tidewater's claim did not arise out of post-petition transactions, because the payments to Tidewater conferred no benefit on the bankruptcy estates, and because Tidewater could not elect to recoup the value of its collateral through administrative expense rather than through adequate protection. The district court affirmed the bankruptcy court, and Tidewater filed this appeal.*

Section 503(b)(1)(A) of the Bankruptcy Code provides for administrative expenses to creditors for "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A). If allowed, administrative expenses have priority over unsecured claims against the bankruptcy estate. 11 U.S.C. § 507(a). One of the main policies behind granting priority to administrative expenses is "to provide an incentive for creditors and landlords to continue or commence doing business with a bankrupt party." *In re Merry-Go-Round Enters., Inc.*, 180 F.3d 149, 158 (4th Cir. 1999). Pre-petition secured creditors, while not privy to administrative-expense priority, are protected under the Bankruptcy Code's provisions for adequate protection. *See* 11 U.S.C. §§ 361-364.

A two-part test determines whether a cost is actual and necessary to a bankruptcy estate in order to qualify as an administrative expense under § 503(b)(1)(A). First, for an expense to be actual, it must arise from a post-petition transaction between the creditor and the debtor or trustee. *In re Merry-Go-Round Enters., Inc.*, 180 F.3d at 157. Second, for an expense to be necessary, it must confer a benefit on the

*Henson's and Smith's cases reached the district court as a consolidated appeal, pursuant to Tidewater's motion for consolidation filed in the district court upon appeal of the bankruptcy court's order and granted by the district court on May 17, 2001. We note that Tidewater's appeal of Henson's case was no longer before the district court when it issued its decision on December 31, 2001, because, on October 15, 2001, the bankruptcy court, on motion of the bankruptcy trustee, had dismissed Henson's bankruptcy action due to Henson's material default in plan payments. *In re Henson*, No. 00-50470SD, 2001 Bankr. LEXIS 1911 (Bankr. D. Md. Oct. 15, 2001). Consequently, only Tidewater's appeal of Smith's case is now before us.

estate. *Id.* A narrow exception exists to award administrative expenses to pre-petition creditors where post-petition use of the collateral is in the operation of a business or to otherwise make an economic profit. *See Grundy Nat'l Bank v. Rife*, 876 F.2d 361, 363-64 (4th Cir. 1989).

Tidewater argues that, despite its status as a pre-petition creditor, it is nevertheless entitled to administrative expenses. As to the first requirement — that the expense arise from a post-petition transaction between the creditor and the debtor — Tidewater argues that Henson's and Smith's post-petition use of the collateral qualifies as a post-petition transaction. It also argues that confirmation of the bankruptcy plans constitutes a qualifying post-petition transaction. As to the second requirement — that the expense confer a benefit on the estate — Tidewater argues that Henson's and Smith's post-petition use of the collateral confers an actual benefit on the bankruptcy estates.

The district court rejected Tidewater's attempt to redefine itself as a post-petition creditor whose collateral confers a concrete benefit on the bankruptcy estates. *Tidewater Fin. Co. v. Henson*, No. CCB-01-1056, 2001 U.S. Dist. LEXIS 23144 (D. Md. Dec. 31, 2001). The court stated that Tidewater's pre-petition transactions with Henson and Smith do not satisfy the two requirements of § 503(b)(1)(A), and the court declined to apply *Grundy*'s exception for business use of collateral acquired pre-petition because the record contained no evidence that Henson or Smith used the computer goods or furniture to operate a business or to otherwise make an economic profit. *Tidewater Fin. Co.*, 2001 U.S. Dist. LEXIS 23144, at **9-10. The court affirmed the bankruptcy court's order denying administrative expenses and stated that adequate protection, and not administrative expense, is the appropriate remedy for Tidewater to seek. *Id.* at **13.

We have carefully reviewed the record and considered the arguments of counsel made in their briefs and at oral argument. For the reasons set forth in the district court's opinion, we conclude that Tidewater's claim for administrative expenses is without merit.

Because of our holding, we need not address Tidewater's other arguments.

*AFFIRMED*